**Anait GAMBARIAN, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70459.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 23, 2004.

Anait Gambarian, Glendale, CA, pro se.

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wernery, Esq., Rene L. Rocque, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Anait Gambarian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") denial of her request for asylum and withholding of removal.

Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition for review.

Although credible testimony may satisfy the asylum applicant's burden of proof, if the IJ "does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *See Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000). Because the IJ offered specific and cogent reasons for questioning Gambarian's credibility, and because Gambarian was unable to provide any corroboration for testimony that the IJ found questionable, substantial evidence supports the IJ's determination that she had not established eligibility for asylum. *See id.* at 1092.

Because Gambarian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

The BIA did not abuse its discretion in denying Gambarian's request to remand proceedings to consider her claim under the Convention Against Torture ("CAT") because Gambarian, represented by counsel, did not raise this claim before the IJ, and because she offered no evidence that would suggest that it is more likely than not that she would be tortured upon return to Armenia. *See Malhi*, 336 F.3d at 993.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's vol-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the Ninth Circuit Rule 36–3.

untary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.