Anait GAMBARIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71484.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, Esq., Attorney at Law, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM **

Anait Gambarian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen her proceedings, in which she requested asylum, withholding of deportation, and relief under the Convention Against Torture. We have partial jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We dismiss the petition for review in part, and deny it in part.

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen Gambarian's proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

This court previously denied a petition for review by Gambarian concerning her initial requests for relief. *See Gambarian v. Ashcroft*, 101 Fed. Appx. 732 (9th Cir. June 15, 2004). Gambarian's motion to reopen contends, without specification, that "country conditions in Armenia [have] been deteriorating as per [an attached] country report."

After reviewing the relevant State Department report, we conclude that the BIA acted within its discretion in denying Gambarian's motion to reopen with respect to allegedly changed circumstances in Armenia. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (holding that the BIA does not abuse its discretion unless it acts arbitrarily, irrationally, or contrary to law). Nothing in the country conditions report at issue indicates a material change in the treatment of those who share Gambarian's political affiliation with the Armenian Revolutionary Federation, or Dashnaks.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), Gambarian's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the